**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **TERESA L. PENNINGTON,** | ) | |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:10cv112 |
| | ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.** | ) | |
| | ) | |
| Defendants**.** | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Plaintiff, Teresa L. Pennington, by counsel, files her memorandum in support of her motion to compel full and complete responses to discovery against Defendant Midland Credit Management and states as follows:

**I.     STATEMENT AS TO STATUS OF DISCOVERY**

Defendant raised objections to discovery within fifteen days and decided to assert every possible objection beginning with five pages of general objections followed by specific objections to each and every discovery request propounded.  Rather than wait until responses were received to deal with the objections, counsel for plaintiff contacted opposing counsel to discuss the resolution of the objections.  After nearly an hour telephone conference to narrow the issues, it was agreed that the defendant would remove most of the objections.  During that meet and confer discussion, Defendant requested additional time to respond and in the spirit of compromise, counsel for the plaintiff agreed to an extension until May 17th with the understanding that the parties would discuss further extensions if the need arose.  The parties acknowledged that the discovery period was shorter than normal and that lengthy extensions would become problematic.

Rather than call on May 17th to discuss a further extension, defense counsel sent an email requesting another one week extension and stating that responses would be provided by May 24th or earlier if possible.  That email also stated: "We are withdrawing a good number of objections based on your willingness to sign a stipulation regarding definitions of certain terms and you are not seeking discovery of any post-litigation communications between our firm and Midland."  Based upon that communication, it appeared as if discovery was progressing appropriately, and there was no need for further action.

On May 24 the defendant failed to provide the responses as promised and made no effort to explain the delay and breach of agreement.  In fact, defendants made no effort to contact opposing counsel all week.  On the afternoon of May 27th plaintiff's counsel contacted opposing counsel to discover why responses had not been received and no effort had been made to communicate the reason for any delay.  During that conversation, the daily mail arrived and did include in it a partial document production and responses to requests for production of documents.  However, those responses also included general and specific objections that were supposed to have been withdrawn.  The initial paragraph specifically relied upon all the general objections previously asserted: "without waiving its general objections …" and then proceed to assert once again 46 specific objections to all 46 production requests.

At this point it was clear that the defendants had breached all the agreements the parties had reached: they did not respond by May 24th and did not remove any of the general or specific objections as promised.  In the conversation with opposing counsel on the 27th plaintiff requested the defendant to commit to a date certain that responses would be provided and formalize the agreement in an order compelling the defendant to produce

2

full responses to interrogatories and requests for production of documents on or before June 2nd.  Defendant would not agree to do so.  Counsel for plaintiff requested a commitment that afternoon as to when responses would be received and waited for a return call that never came on Thursday night.  On Friday morning, counsel for Defendant called and again refused to commit to a firm date for providing the responses and had no explanation why the account notes identified twenty five sets of initials with no one identified in responses to Rule 26(a) disclosures.  With the discovery cut-off rapidly approaching and a defendant that refused to endorse an order compelling responses by a date certain, it was clear that the parties could not resolve the matter without the court's assistance thereby necessitating the filing of this motion.  Plaintiff attaches the responses with objections to the request for the production of documents as Exhibit "A" and the objections to interrogatories are attached as Exhibit "B".

## II.   DEFENDANT HAS UNFAIRLY DELAYED THE DISCOVERY PROCESS

The discovery period in this case is shorter that normal and required the parties to move promptly to complete discovery in a timely manner.  Plaintiff issued discovery requests early in order to comply with the court's schedule.  Defendant, however has not participated in discovery and unfairly delayed the process.  With less than six weeks remaining in the discovery period, we still do not know the identity of one witness for the defendant that can discuss the handling of this matter.  In Rule 26(a) disclosures, the defendant only identified its two attorneys as witnesses on behalf of the defendant with knowledge of the case.  The file notes for the collection account identify the following initials of 25 different people who were involved in the collection of this debt: AFZ, S.C., AUQ, DPB, AS5, CXN, CAO, AIL, CGQ, LO1, BBA, CL4, SIL, BUH, SIL, BM8, HB1,

1L7, CS2, CBY, AJZ, B26, A8, BTY, YGC, but the defendant has failed to identify the full name of any of them.  Literally dozens of MCM employees were involved in this collection and the defendant has failed to identify even one of them.  Plaintiff cannot determine who to depose in this matter since the defendant continues to conceal the identities of all the persons with knowledge of the case.  Despite due diligence in pursuing discovery, plaintiff finds itself six weeks away from the discovery cut-off with no witnesses identified, few documents to examine and objections outstanding to each and every discovery request propounded.  Plaintiff simply cannot prepare her case for trial as long as the defendant continues to engage in these delaying and obstructionist tactics.  Unfortunately efforts to work with the opposition have not resolved these matters and simply made them even more problematic.

### III. DEFENDANT NOTED BOILERPLATE OBJECTIONS THAT ARE NOT WELL TAKEN AND NOT IN THE SPIRIT OF THE DISCOVERY PROCESS.

Defendant completely abused the discovery process by noting boilerplate, meaningless objections that are only designed to make the process harder and more expensive for Plaintiff.  In the meet and confer process, counsel for plaintiff made clear that objections to attorney-client communications and work-product were preserved and not something that would require a specific objection.  Defendant's counsel agreed to withdraw objections as part of the initial meet and confer process and it appeared as if the problems identified had been resolved.  Rather than remove the objections as promised, Defendant reincorporated all the general objections and continued to assert a specific objection to each and every request. Defendant refused to remove even obviously flawed objections like the one asserted to document request number nineteen:

> 19. Please produce a copy of all documents that you identified as part of your initial disclosures as required by Federal Rule of Civil Procedures 26(a). This request includes documents identified pursuant to Rule 26(a)(1)(A)(ii) as well as any insurance agreement identified under Rule 26(a)(1)(A)(iv).
>
> **OBJECTIONS: This request is overly broad an unduly burdensome as it seeks the production of documents encompassed by other requests by Plaintiff. This request also seeks information not reasonably calculated to lead to the discovery of admissible evidence because it asks for insurance documents that are irrelevant to the claims in the Complaint. This request seeks confidential and proprietary business information, in particular Defendant's insurance policy.**

This objection is completely improper because the documents requested are the barebones minimum of what a Defendant must produce under the Federal Rules. In addition, the insurance agreement is required under Rule 26(a)(1)(A)(iv) which states, "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment." There is no genuine basis to object to the disclosure of these documents, yet this defendant continues to assert them.

Defendant also refused to identify documents in the proper fashion that support its numerous affirmative defenses and noted similar boilerplate objections as to the other requests. Plaintiff made simple requests for the production of documents related to the affirmative defenses that it has asserted in this case:

> 37. Please produce and separately identify all documents supporting *your* fifth affirmative defense.
>
> 38. Please produce and separately identify all documents supporting *your* eighth affirmative defense.
>
> 39. Please produce and separately identify all documents supporting *your* eleventh affirmative defense.
>
> 40. Please produce and separately identify all documents supporting *your* twelfth affirmative defense.
>
> 41. Please produce and separately identify all documents supporting *your* thirteenth affirmative defense.

42. Please produce and separately identify all documents supporting *your* fourteenth affirmative defense.

43. Please produce and separately identify all documents supporting *your* fifteenth affirmative defense.

44. Please produce and separately identify all documents supporting *your* sixteenth affirmative defense.

45. Please produce and separately identify all documents supporting *your* eighteenth affirmative defense.

46. Please produce and separately identify all documents supporting *your* twenty-first affirmative defense.

Defendant noted a similar objection to all of these requests:

**OBJECTIONS:** **This request is overly broad and unduly burdensome as it seeks to require the production of documents in more than one format, including ESI in more than one format, seeks the production of documents encompassed by other requests by Plaintiff, and seeks "all" documents when documents may be in the possession, custody or control of Plaintiff or non-parties. Also this request could be interpreted to include documents generated in anticipation of litigation and/or trial, thus it is objectionable as seeking documents encompassed by the attorney client and/or work product privileges, including without limitation the mental impressions and attorney work product of counsel. Furthermore, this request may be interpreted to seek documents that are confidential and proprietary.**

The objections asserted are not well taken for a number of reasons. First, there is nothing improper or unduly burdensome about requesting a Defendant to identify and produce documents that it relies upon in support of an affirmative defense. The fact that other requests may require the identification of similar documents, does not mean that it is not required under the rules to specifically identify the documents that it claims support each of these affirmative defenses that it has asserted. If responsive documents are privileged then the defendant can withhold them and identify them on a privilege log. However, it seems unlikely that defendant intends to rely upon a privileged communication to support any of the affirmative defenses asserted in this case. The only documents identified on the privilege log are three pages that purportedly went to an outside counsel: Dominion

Law Associates.  Defendant asserted twenty-two affirmative defenses, yet it objects to producing any of the documents that support those defenses.  In response to 26(a) disclosures Midland Credit Management failed to identify any of its employees with knowledge of the case and represented that the "identification of employees of MCM is still under investigation."  At a minimum, MCM could have provided the full names of the 25 individuals listed on the file notes and cannot possibly claim that any serious investigation would be necessary to ascertain what names correspond to the initials listed on those file notes.

The objections noted to the interrogatories are similar in form and content to the improper objections noted in the requests for the production of documents.  By raising both general and specific objections to each and every interrogatory, it will be impossible to determine if the defendant is withholding information in reliance upon any particular objection.  Most of the objections are hyper technical and simply designed to obstruct the discovery process. For example, Interrogatory No.1 seeks to discover the identity of individuals with knowledge of the facts related to the Complaint as well as the affirmative defenses asserted by the defendant.  Not only has the defendant refused to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use its claims or defenses, unless the use would be solely for impeachment" as required by Rule 26(a)(1)(A)(i), but it has objected to Interrogatory No. 1 which seeks the same information and specifically references that particular rule. The defendant's objections to the interrogatories are boilerplate, obstructionist type objections that should all be stricken. While Defendant has represented that it would remove

objections to both the interrogatories as well as the requests for production of documents, it simply failed to honor that representation with regard to the documents and there is no expectation that the responses to interrogatories will be any different. Accordingly both the general and specific objections to the interrogatories and requests for production of documents should be stricken with the caveat that all objections to privilege are preserved so long as the defendant identifies the withheld documents and information on a privilege log.

## IV.     CONCLUSION

Despite the best efforts of the plaintiff to resolve issues with the opposition, nothing has been accomplished. All of the general and specific objections have been incorporated into the responses to requests for production of documents, document production is incomplete, there are no responses to interrogatories, no witnesses have been identified and we cannot obtain any sort of firm commitment as to when the responses will be provided. Counsel for defendant represents that they are working on them and refuse to commit to a date certain as to when they will be received. It certainly appears as if the defendant is attempting to delay and run out the clock on discovery to make it more difficult for counsel for the plaintiff. The defendant can easily read the file notes and determine which employees were involved in the collection of this debt, but refused to identify even one of those individuals in 26(a) disclosures. Reliance upon a written promise to provide responses by May 24, 2010 and to withdraw objections has proven to be ill advised. Worse yet, while defendant is delaying discovery responses to the plaintiff, it is requesting dates to depose the plaintiff's witnesses that were identified in our 26(a) disclosures while continuing to conceal the identity of its own witnesses.

These obstructionist tactics cannot be condoned or rewarded. Accordingly, plaintiff requests an order compelling full and complete responses to the plaintiff's discovery requests, without objection, on or before June 9, 2010 and an additional thirty days for the plaintiff to complete discovery due to the defendant's unjustified delay in providing responses.

                                                Respectfully Submitted,
                                                TERESA L. PENNINGTON

                                                _____/s/_____

A. Hugo Blankingship, III
Va. Bar Number 26424
Attorney for Teresa L. Pennington
Blankingship & Christiano, P.C.
1984 Isaac Newton Square, # 304
Reston, Virginia 20190
(571) 313-0412
(571) 313-0582 (fax)
hugo@blankingship.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of May, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

<u>Counsel for Defendants</u>
John Lynch, Esq.
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
john.lynch@troutmansanders.com

          /s/

A. Hugo Blankingship, III
Va. Bar Number 26424
Attorney for Teresa L. Pennington
Blankingship & Christiano, P.C.
1984 Isaac Newton Square, # 304
Reston, Virginia 20190
(571) 313-0412
(571) 313-0582 (fax)
hugo@blankingship.com