IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| TERESA L. PENNINGTON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10cv112 |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| Defendant. | ) | |

## ORDER

The matter came before the Court on plaintiff's Rule 72(a) objection to the Magistrate Judge's pretrial order granting a motion to compel by defendant Midland Credit Management ("MCM").

Plaintiff, Virginia State Trooper Teresa Pennington, was the victim of an identity theft in 2005 that resulted in multiple errors on Pennington's credit reports and erroneous efforts to collect debts that were not hers. As a result in part of these events, Pennington brought this action to recover damages for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, by defendant MCM, an alleged debt collection agency. During discovery, MCM requested that Pennington disclose agreements reflecting settlements she reached with four entities for acts ostensibly similar to those alleged in this case. The settlement agreements resolved suits brought by Pennington against Equifax, Experian, and Trans Union—credit reporting agencies—and AFNI—a debt collection agency.

After Pennington declined to produce the settlement agreements, MCM moved to compel disclosure. (Doc. No. 34.) Magistrate Judge Anderson granted the motion to compel, but he did

not elaborate on his reasoning either at the hearing or in Order itself. *See Pennington v. Midland Credit Mgmt, Inc.*, No. 1:10cv112 (E.D. Va. July 2, 2010) (Order). Pennington objected to the Order, arguing that the settlement agreements are confidential and irrelevant. (Doc. No. 52.) A district court must reverse the decision of a magistrate judge on a nondispositive matter when the ruling is "clearly erroneous or is contrary to law." Rule 72(a), Fed. R. Civ. P.

A party seeking discovery must show that the material sought is admissible or "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed. R. Civ. P. MCM's principal argument in support of its request for the settlement agreements is that the agreements may lead to discovery of admissible evidence in light of the "one satisfaction rule," which, MCM argues, limits Pennington to a single recovery for all of the credit errors arising from the 2005 identity theft. *See Chisholm v. UHP Projects, Inc.*, 205 F.3d 731, 737 (4th Cir. Va. 2000) ("The essential requirement for the 'one satisfaction rule' is that the amounts recovered by settlement and the judgment must represent common damages arising from a single, indivisible harm.") Yet, MCM fails to show that the acts and injuries are the same. To the contrary, it appears the acts are separate and the injuries are distinct. In any event, counsel for Pennington has represented that the settlement agreements contain only broad dollar amounts with no itemization for particular types of damages.

> There are net settlement amounts in each agreement to compensate the plaintiff for her actual damages, punitive damages, legal fees and expenses. It would be impossible to look at those lump sum settlement amounts and determine what amount was attributable to actual damages as opposed to legal fees, costs and potential claims for punitive damages.

(Doc. No. 62.) At oral argument, counsel confirmed these representations and noted that the settlement agreements contain no admissions of liability, no breakdown of damages, and no

2

reference to any specific statutory violations. As such, the one satisfaction rule, even assuming its applicability, does not support a conclusion that the agreements are relevant or would lead to the discovery of relevant material.

MCM has also suggested that the settlement agreements would be relevant to other elements of Pennington's claims, such as causation. But neither the briefs nor the arguments made at the hearing have illuminated any connection between the settlement agreements and the material facts of this case. Pennington's claims against MCM relate to a Dell Financial account fraudulently opened in her name that was eventually sold to MCM for collection purposes, while the settled claims focus on different accounts and credit errors arising from the 2005 identity theft. Because MCM has failed to demonstrate that its request for the settlement agreements is reasonably calculated to lead to the discovery of admissible evidence, the motion to compel must be denied. Should circumstances later arise indicating that the settlement agreements may contain information that is admissible or reasonably calculated to lead to the discovery of admissible evidence, counsel for defendant may renew the motion.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's objection to the magistrate judge's order granting defendant's motion to compel (Doc. No. 52) is **SUSTAINED**.

It is further **ORDERED** that defendant's motion to compel (Doc. No. 34) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
August 9, 2010

T. S. Ellis, III
United States District Judge

3